## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BLESSEY MARINE SERVICES, INC.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1863** |
| | * | |
| **JEFFBOAT, LLC** | * | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is a Motion for Sanctions (Rec. Doc. No. 50) filed by Plaintiff Blessey

Marine Services, Inc. The Court has reviewed the submitted memoranda and the applicable law.

For the following reasons, the motion is granted in part and denied in part.

## I. BACKGROUND AND PRESENT MOTION

In its previous orders in this case, the Court described the allegations set forth in

Plaintiff's complaint and amended complaint, and the Court now finds it unnecessary to describe

those allegations again. For the purpose of the present motion, however, the Court finds it useful

to briefly review the course of this litigation.

On November 19, 2010, Defendant Jeffboat, LLC filed a motion to dismiss for lack of

personal jurisdiction. Defendant argued that it lacks the minimum contacts with Louisiana for

there to be either specific or general jurisdiction. Plaintiff opposed the motion. In its brief,

Plaintiff emphasized, *inter alia*, that it would be appropriate to impute the contacts between

Louisiana and Defendant's affiliates to Defendant itself. Plaintiff sought the denial of

Defendant's motion, but requested, in the alternative, the opportunity to conduct jurisdictional

discovery. On February 10, 2011, the Court issued an order denying Defendant's motion with

leave to re-file after jurisdictional discovery (Rec. Doc. No. 24).

On April 26, 2011, Plaintiff filed a motion to compel, which was referred to the Magistrate Judge. On May 13, 2011, the Magistrate Judge granted in part and denied in part Plaintiff's motion (Rec. Doc. No. 39). In particular, the Magistrate Judge granted in whole or in part Plaintiff's motion as it pertained to Interrogatories Nos. 10 and 12 and Requests for Production Nos. 6, 7, 8, 9, 15, and 18. The Magistrate Judge ordered Defendant to provide Plaintiff with all supplemental responses, along with any required responsive material, no later than May 27, 2011. On that date, Defendant filed a motion objecting to the Magistrate Judge's order. On June 24, 2011, this Court denied the motion (Rec. Doc. No. 48).

Plaintiff has now filed a Motion for Sanctions (Rec. Doc. No. 50). In its motion, Plaintiff states that Defendant has failed to comply with the Magistrate Judge's order as it relates to the aforementioned discovery requests. Plaintiff urges the Court to impose two different sanctions on Defendant. First, citing the Supreme Court's decision in *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982), Plaintiff argues that the Court should deem personal jurisdiction over Defendant to be established. Second, Plaintiff asks this Court to order Defendant to pay the fees and costs it has incurred in conducting jurisdictional discovery. Defendant opposes Plaintiff's motion. Defendant asserts that it has fully complied with the Magistrate Judge's order. Defendant also argues that Plaintiff's request that the question of personal jurisdiction be deemed resolved in Plaintiff's favor is not warranted under Rule 37.

## II. LAW AND ANALYSIS

The present motion raises two issues: first, whether Defendant failed to comply with the May 13, 2011 order entered by the Magistrate Judge; and second, whether the sanctions identified by Plaintiff are warranted. The Court will discuss these in turn.

**A. Whether Defendant Failed To Comply with the May 13, 2011 Order**

        In its motion, Plaintiff has argued that Defendant has failed to comply with the

Magistrate Judge's order as it pertains to Interrogatories Nos. 10 and 12 and Requests for

Production Nos. 6, 7, 8, 9, 15, and 18. As noted above, the Magistrate Judge ordered Defendant

to provide Plaintiff with all supplemental responses, along with any required responsive material,

no later than May 27, 2011.

        **1. Interrogatory No. 10**

        Interrogatory No. 10 asked: "Please explain whether Jeffboat maintains separate financial

records from ACL by identifying, among other things, the persons responsible for maintaining

Jeffboat's financial systems, the persons with access to it, and the internal controls in place

regarding it." In its initial response to this Interrogatory, Defendant identified Paul Brotzge as its

director of finance and controller. In his order, the Magistrate Judge ruled that the interrogatory

was overly broad, but nonetheless ordered Defendant to "identify[] any person or entity, either

employed by any ACL entity or who performs such services for an ACL entity, who also

performs such services for Jeffboat."

        In response to this order, Defendant reiterated that Mr. Brotzge is its director of finance

and controller, and it named Bryan McDonald as Mr. Brotzge's superior. Defendant also stated

that "[c]ertain book-keeping functions for all ACL entities are performed by shared corporate

resources." This response leaves it unclear as to whether there are individuals or entities other

than Mr. McDonald who is either employed by an ACL entity or otherwise helps to maintain the

financial system for an ACL entity and who also helps to maintain Jeffboat's financial system. If

there are such persons, Defendant should have identified them. If not, Defendant should have

clearly said so. Defendant has not fully complied with the Magistrate Judge's order with respect to Interrogatory No. 10.

### 2. Interrogatory No. 12

Interrogatory No. 12 asked: "Please explain whether ACL pays taxes in Louisiana and whether those taxes are related to Jeffboat's operations in Louisiana." In his order, the Magistrate Judge stated: "If Jeffboat knows whether any ACL entity pays taxes in Louisiana, it must provide that information. If not, it must clearly say so." In response to the order, Defendant has stated that it "does not have corporate knowledge as to whether ACL LLC or ACL Inc. pay[s] taxes in Louisiana." While it was clearly unnecessary for Defendant to qualify the word "knowledge" with the adjective "corporate," its response comports with the Magistrate Judge's directive. The Court therefore finds that Defendant has complied with the Magistrate Judge's order with respect to Interrogatory No. 12.

### 3. Requests for Productions Nos. 15 and 18

Request for Production No. 15 asked Defendant to "produce all documents related to ACL's attendance at any industry trade show in Louisiana." Request for Production No. 18 asked Defendant to "produce all documents related to ACL's marketing efforts in Louisiana." With respect to these two requests, the Magistrate Judge ordered Defendant to "clearly stat[e] [either] that it has no such responsive materials in its possession, custody, or control, or that it is producing all responsive materials in its possession, custody, or control." In a prior portion of his order, the Magistrate Judge explained that Defendant must produce material to which it has the "legal right to obtain from any ACL entity either on demand or to meet its own business needs."

In response to the Magistrate Judge's order, Defendant stated that with respect to

Requests for Production Nos. 15 and 18, it has "no responsive documents in its possession, custody or control." Plaintiff complains that Defendant did not provide any explanation as to why it does not have "possession, custody, or control" as defined by the Magistrate Judge. However, the Magistrate Judge's order did not require Defendant to provide such an explanation. Plaintiff also takes issue with Defendant's failure to specifically state that it has no access to the material. But by using the term "possession, custody, or control," Defendant was clearly referring to the term as defined by the Magistrate Judge. The Court finds that Defendant has complied with the Magistrate Judge's order with respect to Plaintiff's Requests for Production Nos. 15 and 18.

### 4. Requests for Production Nos. 6, 7, 8, and 9

Requests for Production Nos. 6, 7, and 8 asked Defendant to produce ACL's budget for the current fiscal year, its own budget for the current fiscal year, and ACL's tax returns for the last five years. The Magistrate Judge granted in part Plaintiff's request to compel Defendant to respond to these requests, ordering Defendant to either state that it has no responsive material "in its possession, custody, or control" or that it is producing such material. Meanwhile, Request for Production No. 9 asked Defendant to produce its tax returns for the last five years. The Magistrate Judge granted in whole Plaintiff's request to compel Defendant to respond to this request.

As noted above, the order directed Defendant to make supplemental responses and produce all responsive material by May 27, 2011. On that day, however, Defendant made "renewed objections" to the discovery requests, asserting that the material sought was "confidential and proprietary." It was only on July 8, 2011 – after Plaintiff had filed the present

5

motion – that, with respect to Requests for Productions Nos. 6, 7, and 8, Defendant provided supplemental responses, stating that it has no responsive material in its possession, custody, or control. As to Request for Production No. 9, Defendant responded on July 8 that it will produce the requested documents upon the entry of a confidentiality agreement.

  **a. Timeliness of the responses** – In its motion, Plaintiff objects to the timeliness of Defendant's responses, which were made more than two months after the deadline established by the Magistrate Judge. In its brief, Defendant contends that its responses were timely because they were made within 14 days of the entry of this Court's order denying Defendant's motion objecting to the Magistrate Judge's order. As noted above, the Court entered that order on June 24, 2011, and Defendant made its responses on July 8, 2011. Defendant has thus assumed that the filing of a motion seeking review of a magistrate judge's discovery order operates as an automatic stay of the order.

  This assumption is erroneous. Although Federal Rule of Civil Procedure 72(a) is itself silent on this question, courts have held that a magistrate judge's order regarding a nondispositive matter is not automatically stayed upon the filing of an objection. *See Williams v. Texaco, Inc.*, 165 B.R. 662, 673 (D.N.M. 1994); *see also Esparza v. Bridgestone/Firstone, Inc.*, 200 F.R.D. 654, 656-57 (D. Colo. 2001); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989); 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3069 (2d ed. 1987); 14 *Moore's Federal Practice* § 72.10[4] (3d ed. 2011).

  There are two basic reasons for this rule. First, a magistrate judge has the power to "determine" discovery matters and not merely make "proposed findings and recommendations."

28 U.S.C. § 636(b)(1). The idea that the filing of an objection automatically stays a magistrate judge's discovery order "would essentially reduce the magistrate's order to the status of a recommendation." *Williams*, 165 B.R. at 673. Second, the notion that the filing of an objection operates as an automatic stay of a magistrate judge's order may provide losing parties with "an artificial incentive to object." *Id.* It may encourage parties to "use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial." *Esparza*, 200 F.R.D. at 657.

Thus, the filing of an objection does not automatically stay a magistrate judge's discovery order. In the absence of a stay, a party remains obligated to comply with such an order until and unless the order is set aside. *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). In this case, it is undisputed that Defendant did not provide, by May 27, 2011, the responses ordered by the Magistrate Judge for Requests for Production Nos. 6, 7, 8, and 9. In this respect, therefore, Defendant did not comply with the Magistrate Judge's order.

**b. Unnecessary delay** – Plaintiff argues that in light of Defendant's July 8, 2011 supplemental response to Requests for Production Nos. 6 and 8 – that there is no material to which it has possession, custody, or control – Defendant could not have stated in good faith on May 27, 2011 that such material is "confidential and proprietary." Plaintiff also asserts that if Defendant did not have access to the material to begin with, then Defendant's assertion that the documents are confidential and proprietary, which was a focus of Defendant's motion objecting to the Magistrate Judge's ruling, was a waste of the parties' and of the Court's time.

The Court surmises from Defendant's response to this argument that shortly after the discovery requests were served, it learned from an ACL entity that the entity had objected to the requests on the ground that the material was confidential. Because Defendant thus had some ground to believe that the material was not discoverable, the Court cannot say that in presenting this as a basis for its "renewed objections" on May 27, 2011, Defendant did so for the purpose of causing unnecessary delays. To be sure, its "renewed objections" were not the responses contemplated by the Magistrate Judge's order, and its responses to Requests for Production Nos. 6 and 8 were untimely. But the Court cannot say at this juncture that Defendant acted in bad faith in lodging its "renewed objections."

**B. Whether the Requested Sanctions Are Warranted**

The next question is whether, in light of Defendant's conduct, the sanctions requested by Plaintiff are warranted. As noted above, Plaintiff has urged the Court to impose two sanctions. First, citing the Supreme Court's decision in *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982), Plaintiff argues that the Court should deem personal jurisdiction over Defendant to be established. Second, Plaintiff seeks to recover the expenses it has incurred in conducting jurisdictional discovery.

**1. Deeming personal jurisdiction to be established**

Under Rule 37(b)(2), a court may issue an order "directing that the matters embraced in the [discovery] order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(ii). In *Insurance Corp. of Ireland*, the Supreme Court held that under this rule, a district court may, consistent with basic constitutional guarantees, conclude that a party that has violated a discovery order is subject to personal

jurisdiction. *See* 456 U.S. at 695-96. The Supreme Court cautioned, however, that for this sanction to be proper, it must meet two standards. "First, [the] sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Id.* at 707.

Plaintiff argues that deeming personal jurisdiction to be established is precisely the sanction that ought to be imposed in this case. The Court is not persuaded by this contention. To be sure, there is no question that the sanction is "specifically related" to the matter that was at issue in the discovery order. *See id.* This Court authorized discovery on the question of personal jurisdiction, and the underlying order was entered to resolve a dispute about the scope of that discovery. *See id.* at 708-09; *see also Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 414 (5th Cir. 2004) (noting that the sanction of deeming an entity the alter ego of the defendant was "specifically related" to the discovery order given that the "[t]he purpose of the discovery . . . was to discover facts that would support a finding of alter ego").[1]

Under the present circumstances, however, the imposition of the sanction would not be "just." *Ins. Corp. of Ireland*, 456 U.S. at 707. The cases in which courts have imposed this sanction are ones that involved very egregious conduct. In *Insurance Corp. of Ireland*, the defendant resisted discovery requests for nearly three years and, in the process of doing so, violated several orders compelling discovery. *See id.* at 698-99. Similarly, in *Compaq Computer*

---

[1] Plaintiff correctly notes that the Fifth Circuit has added the third requirement that the sanction must "meet the Rule 37 goal of punishing the party which has obstructed discovery and deterring others who would otherwise be inclined to pursue similar behavior." *Chilcutt v. United States*, 4 F.3d 1313, 1321 (5th Cir. 1993). There is no question that deeming personal jurisdiction to be established would punish Defendant and deter others from not complying with a magistrate judge's order.

9

*Corp.*, the plaintiff "struggled for well over two years to obtain sufficient alter ego discovery." *Compaq Computer Corp.*, 387 F.3d at 413. Moreover, the defendants in that case tried to derail jurisdictional discovery by filing, among other things, three unsuccessful petitions for writs of mandamus, one motion for recusal, and a bankruptcy petition. *Id.* at 412-13.

The conduct that is sanctionable in this case is different. As noted above, Defendant has failed to comply with one order. That failure consists of not sufficiently answering one interrogatory and not providing timely responses to some of the requests for production. Bearing in mind that "the flagrancy of a party's behavior must be directly proportionate to the severity of the sanction imposed," *Chilcutt*, 4 F.3d at 1322 n.23, and that sanctions must be "narrowly tailored to serve only their necessary function," *FDIC v. Conner*, 20 F.3d 1376, 1383 (5th Cir. 1994), the Court cannot say that under the present circumstances, deeming personal jurisdiction to be established would be an appropriate sanction.

### 2. Award of expenses

Under Rule 37(b), if a party fails to comply with a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The burden is on the disobedient party to show that the otherwise mandatory award of expenses should not be made. *Id.* advisory committee's note (1970). Here, Defendant has not argued that any failure to comply was substantially justified or that an award of expenses would be unjust. As a result, this mandatory sanction must be imposed.

The Court notes, however, that Plaintiff's request for expenses is too broad. As noted

above, Plaintiff is seeking to recover all of the expenses that it has incurred in conducting jurisdictional discovery. Under Rule 37(b), however, a party may obtain only the expenses that were "caused by the failure" of the other party to comply with a discovery order. *Id.* 37(b)(2)(C). Thus, in this case, only those expenses that are attributable to Defendant's insufficiently clear response to Interrogatory No. 10 and its untimely responses to Requests for Production Nos. 6, 7, 8, and 9 are recoverable. The Court notes that these expenses are almost certainly minimal. Moreover, Plaintiff has not provided any material to specifically support its request for expenses. The Court therefore concludes that Defendant shall pay to Plaintiff $100.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Sanctions (Rec. Doc. No. 50) is hereby **GRANTED IN PART AND DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that on or before August 9, 2011, Defendant shall supplement its response to Plaintiff's Interrogatory No. 10 in accordance with this Order and Reasons and pay Plaintiff $100.

New Orleans, Louisiana, this 2nd day of August, 2011.

UNITED STATES DISTRICT JUDGE